UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUIEEN ADEEN JAMAL ADEEN ABD AL FUSAL ABD AL SATTAR,<br><br>　　Petitioner,<br><br>　　　v.<br><br>BARACK OBAMA, et al.,<br><br>　　Respondents. | Civil Action No.  08-1236 (JDB) |

## MEMORANDUM AND ORDER

Before the Court is [109] respondents' motion to dismiss.  For the reasons set forth below, the Court grants respondents' motion.[1]

**I.　　Background**

This case began on December 13, 2006, with a habeas petition brought by Sami al Hajj as "next friend" for petitioner Muieen Adeen Jamal Adeen Abd Al Fusal Abd Al Sattar.  See Pet. for Writ of Habeas Corpus [Docket Entry 1], at 2.  Senior Judge Hogan, in his capacity as coordinating judge for the Guantanamo Bay detainee cases, ordered that in all cases in which a detainee is represented in a petition for habeas corpus by a next friend, "counsel shall file a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization."  July 29, 2008 Order [Docket Entry 4], at 2.

---

[1] Respondents filed a submission under seal on October 16, 2009.  Petitioner's counsel asks that this Court "abstain from ruling on Respondents' request for dismissal" because "the information in Respondents' sealed filing may facilitate a visit between counsel and Mr. Abd Al Sattar."  Pet'r's Supplemental Status Report [Docket Entry 144], at 1.  The Court has reviewed respondents' sealed filing and concludes that it does not affect the Court's decision to dismiss petitioner's habeas action.

The Chief Judge of this Court appointed the Federal Public Defender for the Northern District of Ohio to represent Al Sattar in August 2008.  See August 5, 2008 Order [Docket Entry 7].  In September 2008, the Court reiterated the need for counsel to obtain petitioner's authorization to bring a habeas action: "Counsel shall provide evidence of their authority to represent the detainee as soon as practicable and, in any event, not later than ten days after the conclusion of a second visit with a detainee."  September 11, 2008 Order [Docket Entry 19], at 17.

Petitioner's counsel has satisfied neither requirement of Judge Hogan's July 29, 2008 Order.  Counsel has attempted to visit Al Sattar on no fewer than five occasions.  On none of these occasions has Al Sattar agreed to meet with counsel.  Indeed, Al Sattar has threatened Guantanamo personnel who advised him that counsel wished to speak with him.  See Resp't's Reply in Supp. of Mot. to Dismiss [Docket Entry 131], Decl. of Comm. Don A. Martin, ¶ 18. Nevertheless, upon counsel's motion, the Court recently ordered that "respondents . . . take whatever steps are necessary to ensure that counsel for petitioner is permitted a face-to-face visit with petitioner . . . ."  September 2, 2009 Order [Docket Entry 140], at 1.  To give counsel the best chance of meeting with Al Sattar, the Court subsequently modified its Order at counsel's request to preclude Guantanamo personnel from informing Al Sattar that he had a meeting with counsel.  See September 18, 2009 Order [Docket Entry 141], at 1 ("[R]espondents shall inform petitioner of the following: 'You have a meeting with Ms. Cleary and [name of translator].'"); id. ("If petitioner asks the purpose of the meeting or whom it is with, respondents shall decline to provide any information about the nature of the meeting or whom it is with.").  Counsel's hope was that if Al Sattar arrived at a meeting with counsel without knowing the meeting's purpose, he could be convinced to permit representation.

Not so.  Although Guantanamo personnel followed the Court's direction, Al Sattar once again refused to meet with counsel.  See Pet'r's Status Report [Docket Entry 142], at 1-2. Moreover, Al Sattar tore up counsel's letter requesting that he reconsider the decision not to meet.  Id. at 2.  Nevertheless, now counsel asks that "the Court stay Mr. Abd Al Sattar's case indefinitely rather than grant Respondent's motion to dismiss the habeas action."  Id. at 3.  The Court cannot grant that request.

## II.     Analysis

Despite their diligent efforts, petitioner's counsel has not complied with Judge Hogan's July 29, 2008 Order.  Although petitioner's counsel has traveled to Guantanamo five times, each time Al Sattar has refused to meet with his appointed counsel, let alone authorize counsel to represent him.  And petitioner's counsel has adduced no evidence suggesting that Al Sattar agreed to representation without signing an authorization.  Indeed, Al Sattar has given no indication during the almost three-year pendency of his case that he wishes this habeas action to proceed.  Accordingly, the Court will grant respondents' motion to dismiss without prejudice. See, e.g., Idris v. Obama, Civ. No. 09-745 (D.D.C. Oct. 6, 2009) (dismissing petition for habeas corpus for lack of petitioner authorization); Al-Hawawi v. Gates, Civ. No. 08-1645 (D.D.C. Jan 28, 2009) (same).

Nor can petitioner's counsel rely on next friend standing to proceed on petitioner's behalf. Next friend standing is available only where the real party in interest cannot appear on his own behalf to prosecute the action and where the next friend is truly dedicated to the best interests of the real party in interest.  See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).  Petitioner's counsel asserts that al Hajj's authorization is sufficient.  But there is no indication here that Al

Sattar is unable to "appear on his own behalf to prosecute the action." Id. at 163. Quite the opposite: Al Sattar has unequivocally rejected representation on multiple occasions. And counsel's speculation that Al Sattar might suffer an incapacity precluding him from accessing the Court's jurisdiction is just that -- speculation -- and hence is insufficient to demonstrate that he "cannot appear on his own behalf to prosecute the action." Id.[2]

Therefore, it is hereby **ORDERED** that Muieen Adeen Jamal Adeen Abd Al Fusal Abd Al Sattar's petition for a writ of habeas corpus is **DISMISSED without prejudice**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:   October 21, 2009

---

[2] The Court is similarly unconvinced that al Hajj is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . ." Whitmore, 495 U.S. at 163. At the very least, al Hajj has not demonstrated "the propriety of his status" as next friend with any detail. Id. at 164; see Pet. for Writ of Habeas Corpus at 2 (declaration provides no detail of al Hajj's relationship with Al Sattar).